# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JAIME BERMUDEZ MARTINEZ,

     Petitioner,

    v.

JOSHUA JOHNSON, ETC., ET AL.,

     Respondents.

No. ED CV 26-1842-E

ORDER DENYING PETITION FOR

WRIT OF HABEAS CORPUS

# PROCEEDINGS

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus" ("the Petition") on April 15, 2026. Respondents filed an Answer on April 22, 2026. Petitioner filed a Traverse on April 23, 2026.

On April 24, 2026, the Court ordered that, within twenty-one (21) days of April 24, 2026, the parties cause the preparation and filing of a transcript of the proceedings occurring before the Immigration Judge on January 23, 2026. A transcript of those proceedings was filed on May 13, 2026.

///

///

**FACTUAL BACKGROUND**

Petitioner is a native of Mexico.  He entered the United States in 2003 without being admitted or inspected.  ICE detained Petitioner on July 17, 2025.

On December 5, 2026, an Immigration Judge ordered Petitioner removed to Mexico.  Petitioner appealed this removal order to the Board of Immigration Appeals.

On January 23, 2026, an Immigration Judge denied bond, finding that the Government had met its burden to demonstrate that Petitioner is an unacceptable risk of flight.  In so ruling, the Immigration Judge cited Petitioner's relative absence of family ties in the United States, the Mexican residence of Petitioner's parents, Petitioner's relative lack of assets and the absence of viable avenues of relief from the removal order.  As to this last factor, the Immigration Judge noted that Petitioner had indicated during the hearing that he would be voluntarily withdrawing his appeal of the removal order.

**DISCUSSION**

To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States."  See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3).  "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States."  Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted).  In the present case, Petitioner has failed to carry his burden to prove that his current custody violates his federal rights.

A federal district court's jurisdiction to review bond or detention decisions by immigration judges is limited.  See Martinez v. Clark, 124 F.4th 775 (9th Cir. 2024) ("Martinez v. Clark").  District courts review dangerousness findings under an "abuse of discretion"

standard.  See id. at 784.  Under the rationale of Martinez v. Clark, district courts also review immigration judges' flight risk findings under an "abuse of discretion" standard.  See, e.g., Zaitsev v. Warden, 2026 WL 391429 (C.D. Cal. Feb. 9, 2026).

This "abuse of discretion standard" is "deferential."  See Martinez v. Clark, 124 F.4th at 784.  "That deference reflects Congress's decision to cabin judicial review in removal proceedings. . . .  And we tread especially carefully in this area where Congress sought to eliminate judicial review."  Id. (citations and quotations omitted).  In the abuse of discretion review, the Court may not "reweigh evidence," and the Court should "generally, in the absence of any red flags," accept that the immigration authorities applied the proper standards.  Martinez v. Clark, 124 F.4th at 785.

In the present case, Petitioner has failed to demonstrate that the Immigration Judge's flight risk finding constituted an abuse of discretion.  A reasonable perception of a limited likelihood of avoiding eventual removal can support an immigration judge's finding that an alien poses an unacceptable risk of flight or of failing to report for removal when called upon to do so.  See, e.g., Anyanwu v. Bondi, 2025 WL 3466910, at *4-5 (W.D. Wash. Oct. 6, 2025), adopted, 2025 WL 3187485 (W.D. Wash. Nov. 14, 2025).  The Immigration Judge also referenced other facts rationally supporting the Judge's flight risk finding.  Although certain facts in the record arguably weigh against this finding, the Court may not "reweigh evidence." Martinez v. Clark, 124 F.4th at 785; see also Singh v. Bowen, 2026 WL 485760, at *4 (C.D. Cal. Feb. 19, 2026) (to the extent a petitioner seeks release during the pendency of an administrative appeal of an immigration judge's flight risk finding "simply because the [alien] disagrees with the merits of the immigration judge's decision," the court lacks jurisdiction to grant relief).  None of Petitioner's arguments justify the relief requested in the Petition.

///

///

///

3

**ORDER**

For the reasons discussed herein,[1] IT IS ORDERED that the Petition is denied with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 18, 2026.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court need not and does not determine whether the Petition also should be denied for failure to fulfill the prudential requirement of exhausting available administrative remedies.